Okay, so we are going to Pacific Maritime Association v. NLRB. I'd like to reserve two minutes for rebuttal. May it please the Court, my name is David Mori on behalf of the National Labor Relations Board. Issue here is whether the District Court properly invoked LIDM jurisdiction to vacate a decision issued by the Board pursuant to Section 10K of the National Labor Relations Act. That decision sought to resolve a jurisdictional dispute between two unions, the Longshoremen's Union and the Electrician's Union over certain work at Terminal 6 of the Port of Portland. Your Honors, LIDM jurisdiction is supposed to be exercised only in extraordinary circumstances. In justifying exercising of jurisdiction in our case, the District Court found that PMA did not have an adequate means of obtaining judicial review of the 10K decision for itself. We find this portion of the District Court's ruling problematic when one considers the fact that PMA has stood on the sidelines and has refused to intervene in the appropriate administrative proceeding in which to challenge the Board's 10K decision. There's another consideration here that doesn't seem to have been taken into too much account. I mean, PMA's involvement here is somewhat peripheral in the sense that it is neither the employer in question nor the unions in question or the employees in question, right? Its interest is in enforcing its collective bargaining agreement because its own member isn't doing that, right? Correct. That's what it's saying. Well, but the ILWU is in the case and has taken the very position that PMA is maintaining, i.e. that there is no jurisdiction here because one of the groups of employees are public employees, right? That is the argument that PMA is making. And it's also been made by the ILWU in the 10K. It has also been. Well, the ILWU, I think, is focusing. So the ILWU's argument in the 10K proceeding and in the unfair labor practice proceeding that was underway at the time the 10K decision issued focuses on the status of the Court of Portland as being a public entity. Correct. And that's the argument that's being made here. By extension, though, PMA focuses on the employees as public employees. Well, my understanding from the 10K opinion, which reported the argument and then answered it, to my mind, not very satisfactorily, was that it was the same argument. There was no jurisdiction because these were public employees. Well, Your Honor, the board — See, that's what I'm saying is, aside from everything else about the PMA's involvement here, if the ILWU has exactly the same interests, which in this instance, not in general, but in this instance, and is making essentially the same argument, is that something we should take into account? Well, I think the reason we're here, Your Honor, is because we want to ensure that persons who are not satisfied with board decisions don't go immediately to the district court for a remedy when there are available administrative remedies. It's essentially to protect this process of exhausting your administrative remedies. So the board explained in its decision why it was exercising jurisdiction. Now, even if we were to assume that the board may have made a mistake, there were still, in terms of exercising jurisdiction to resolve the dispute between the two unions, and there were still avenues available judicially — I'm sorry, avenues available administratively to cure those mistakes, and that is one of the purposes behind — Let me ask you a question. Is there any chance that the board didn't make a mistake? I do not understand any argument that's been made to the contrary. If there's any — I'm sorry, I didn't understand. In other words, it seems to me close to 100 percent clear that the board does not have jurisdiction. I understand that you have a whole other reason we shouldn't be doing this, but why is everybody spinning wheels here? I mean, if they can't do it, they can't do it. Your Honor, we believe that this case turns, though, on the availability of — I know that's what you believe, but that's not what I'm asking you. I'm asking you if you have any argument, any argument, as to why they're not right on the merits, because this is a two-pronged test, I believe. The first part is whether it's absolutely clear that there is a jurisdiction, isn't it? Well, the two-part test is whether there has been a violation of a statutory mandate or a violation of an express statutory command, and then the second part of that test is whether or not — No, then. I'm asking you about the first part. Do you not want to answer it? I can only work with what the board decision says, and I know the board explained in the 10-K decision why it was exercising — its basis for exercising jurisdiction. Now, to the — as we explained in our brief, why we think that — What is the basis for exercising jurisdiction? What did they say? They said that the board said in its 10-K decision that it need only have jurisdiction over the — over any employer who is the target of the unlawful conduct. Sure, but the subject matter is when there is a dispute between two groups of employees, and one of these groups is not a group of employees because they're a public employee. That is correct, Your Honor. However, though — I mean, we still have the issue, though, of the second lead-up prong, because — Let me answer something. If we were to write an opinion, and we were to say — go through the two prongs, and we go to the first prong and we say it's absolutely clear there's no jurisdiction, and we go to the second prong and we say, oh, but they could raise it later. So then what happens? Now, I mean, then it becomes a pointless exercise because you now go back to the board, and the board has a Ninth Circuit opinion saying that it's absolutely clear there's no jurisdiction. Is that what we should do? Again, Your Honor, we are here to ensure that parties simply cannot go to the district court for a remedy when there are available administrative remedies. So the district court could — I'm sorry. Go ahead, Judge Walsh. No, no, no. No, Judge, let's make sure you go ahead. I'll fast and guess then. Okay. Are you saying that it would, in order to preserve the sanctity of lead-up, second step that they should go through the process of either intervening or should have intervened in the unfair labor practice proceeding or, in any event, attempted to take an administrative appeal or an appeal under 10.5 as an aggrieved party, as a, let's put it, as an aggrieved entity who is not a party, and that's their avenue of seeking the lead, and that if they did that, then who would decide the question that Judge Berzon put forward, which is whether the court has jurisdiction at all? Who would do that? I'm sorry? Well, you're saying they have an avenue of getting review. Yes. The question is, do they have an avenue of ever getting review of whether you have jurisdiction to begin with? If we agree with your argument that they have a 10.5, for example, appeal, does that part of that appeal then raise the question of whether the board has jurisdiction at all? I'm not sure I can answer that question. The answer must be yes or else you couldn't be standing up here. I mean, but there are two. You don't seem to have a lot of answers here. The avenues are, of course, through 10.5 and through the board's rules and regulations, which would permit PMA. That's not my question, counsel. I'm just wondering which forum gets to confront the underlying, that is the board's underlying jurisdictional question. Whether we do it or, are you saying nobody gets to decide that? It's all up to the board? No. I mean, the district court has decided that jurisdictional requirement, and we disagree with how the district court ruled. But you won't tell me why. Because, again, the elements of LEADM were not met here, Your Honor. That's LEADM. Okay. You understand that LEADM is an intervention before a final administrative remedy, as you say, has been exhausted? That's what it's talking about? Yes. Okay. And you're saying you win, even if you lose on first prompt, you win on second prompt. And I'm still asking who gets to address the underlying first prompt question, which is basic jurisdictional at the beginning. Well, the district court and the appellate court gets to address that first prompt. I assume your answer has to be, you're really not listening to the questions, that the board in the 8B4G proceeding can revisit what is said in the 10-K about this question. They can do that. That is correct. And if it doesn't revisit it, then there will be a final determination on the question, and there will be a 10-F petition available to go back to the court, and then we can decide it. But we could also decide it now, couldn't we? Yes, you can decide now. This is what I want to ask you. If we decide it now, as a first prompt of a two-prompt test, then what does the board do with what we decide? Do they ignore us or do they listen to us? Well, Your Honor, I think one of the problems here is that we do have the issue of null counting. I'm sorry? I'm sorry. We do have the issue of null counting here, so that if this court, let's say this court makes a decision, and let's say that this court finds that the district court did not have jurisdiction, then it goes back to the board. We'd ask that it go back to the board so that the bottom line is we have a procedurally defective board order, and we can't get around that, Your Honor. The board order being the 10-K? The 10-K decision, correct. Okay. So there's a possibility that the court will revisit. There's a null counting problem, too, quite possibly. I'm sorry, what? Which does or doesn't have a null counting problem. I'm sorry? Which does or does not have a null counting problem. The 10-K has a null counting problem. Okay. So the board is going to have to redo that anyway. Then the board, I can speak to a process, but then the board will, consistent with its practices, revisit the decision and will likely reissue a new decision. I don't know what that decision would be, however. So the board is going to be issuing its decision on a new 10-K, is that what you're saying? It's possible, but, I mean, the process has been. Is that pending? Do we have to do something first? Is that in the works? No, that would only happen, for example, if this court found, for example, that the district court did not have jurisdiction and we would ask that then we have what's left is a defective board order. So that's how the case would be brought back to the board, the 10-K decision. What are you proposing that if we were to agree with your position on jurisdiction, that the district court did not have jurisdiction to do anything here, what are you suggesting our court do with respect to the null counting problem? Do we just say nothing about it? Do we say that, do we actually issue a ruling that says, I don't know, in light of your concession the board wasn't properly constituted at the time the 10-K order was issued and so therefore it's vacated? What would we do? Well, I think if this court finds that the district court did not have jurisdiction, then the null counting issue, null counting matter was also not properly before the district court. So I don't know if this. And your position is that you'd still have to meet the Leedem versus Kine standards for null counting purposes too? Correct. You'd have to overcome Leedem versus Kine before you get to the null counting issue. All right. You have about a minute if you want to reserve it. So, Your Honor, as I mentioned, there are two avenues of review, and that is through the unfair labor practice proceeding that was literally in progress at the time the board's 10-K decision issued. And that is the proceeding that PMA should have sought to intervene in. There is also the other avenue, which is, I've mentioned before, through Section 1.14 of the board's rules and regulations in which PMA, as an aggrieved person, can seek review of a final board order. If there is no other further questions, thank you. Good morning. May it please the Court, I am Charles Cohen on behalf of Pacific Maritime Association. This case involves the NLRB having made a rare statutory mistake, and instead of rectifying it, doubling down and compounding the mistake. Quite simply, the board has inserted itself as a referee in a dispute between public sector and private sector offices. And there's pretty good evidence that we understand that, having just listened to the argument. So why don't you just go to the Court of Appeals, okay? Sure. In terms of the review, we believe that this is indeed the very rare lead-em case. This is not a case, which arises from time to time, where typically employers are trying to throw a monkey wrench into a representation case system. This has none of the hallmarks of that. This is a situation where, as we said, the board made a mistake, did not want to admit to it, and we had and have no other means of review within the meaning of lead-em be kind. If I might, with all due respect, Your Honor, it is not peripheral. It is hugely important. Your problem is that your own members comply with its own collective bargaining. Absolutely. If they went running off into the air. You have a problem with them, so go deal with them. I mean, it's a very peculiar situation where, and moreover, and I really would have liked your comment on this as far as I can tell. I understand that in general your interests don't align with the ILWU, but as to the issue you're raising here, they directly align with the ILWU, and the issue was raised and the issue was decided. Is that right? It is right, but for whatever reason, we did not think that the ILWU position was argued as clearly. But that doesn't, your reasons don't particularly override the question of whether you're going to be fairly treated and get your issue before the board, and you did and you will, whether you're in there or not. But we have successfully intervened over the decades in terms of these kinds of issues. And in many instances I can fully understand, but as to this question, which is a pure legal question, a narrow legal question, a straightforward legal question, and it has been raised by the ILWU, and the ILWU would be crazy not to continue raising it, I don't understand why you have any great interest, or we have any great interest, in letting you come here to get a preview decision. We do, your honor, because we are administering a collective bargaining agreement for 70-some employers. The docks can be a situation where labor disputes can arise and affect the economy in a very dramatic way. I think the court could probably take judicial notice of the fact that all is not wonderfully well all the time between PMA and the ILWU. We happen to have the same. But when the question is whether or not you have, is there any reason in the world why, as to this issue, your interests are not 100% aligned? You're having a hard time with this. No, no, well, there is a coincidental interest in seeing that this collective bargaining agreement is enforced. But that's as far as it goes. There are. Issue doubts. We don't think so, because certainly the ILWU would not have had standing to bring this lead-em case. Certainly they would not. We have that rare case where the board three times told us we may not be heard in this matter. I don't understand why that, the ILWU wouldn't have the standing because they're already in the case. Right. They're already in the case. It has to go through. So you as an outsider who aren't in the case, because you're not really directly involved, are coming here to do something that's already been done anyway. When you say, Your Honor, that we're not directly involved, we are directly involved. We participate in any case all the time. The board. Extremely likely, given all that's happened since, that the board's going to let you in any further proceedings so as not to hear from us again. I'm sorry. I missed the. Isn't it very likely that the board is going to let you in any later proceedings? Is going to. Let you participate. I have absolutely no idea. Why? Certainly an administrative law judge could not, because the board has thrice said that the law of this case. But it's not the same case. It's a different case. Yeah. Your Honor, we would have liked the board to have understood the error of its ways, but it hasn't. But it's a different case. And it still doesn't. It has counsel here arguing today that what they did was fine, absent the null canning issue. Can I ask just a clarifying question? You tried to intervene in the 10-K proceeding, right? Correct. It was turned down. Correct. Okay. Did you try to intervene in the unfair labor practice proceeding? No, Your Honor, but we tried twice more to intervene in the 10-K matter. I understand that. So, do you believe that ILWU can appeal under 10-F from the unfair labor practice proceeding? I see no reason why they could not. And those matters are before, well, on the secondary boycott cases. Those matters are before the D.C. Circuit. Not on the 8B4D, which has been severed as a result of Judge Mossman's vacation of the board 10-K. I'm sorry. What's before the D.C. Circuit? The D.C. Circuit has two cases before it on review involving findings of fact and conclusions of law by the board that the ILWU violated the secondary boycott provisions, Section 8B4B of the Act. Those are pending. They have nothing to do with this. Your Honor, I submit that as well. But I think part of the difficulty is some of the issues from those cases. You asked why our interests are somewhat different and why our arguments are potentially somewhat different. They are. Those cases have gotten, in my view, bolloxed up on a right of control kind of issue. Instead of, in a straightforward manner, just arguing the plain statutory violation that the NLRB has done. With all due respect to the ILWU, I think the situation has been somewhat confused by their arguments, whereas our arguments have been. Were these cases mentioned anywhere in the briefs? Because I don't remember. Oh, yes. Oh, yes. And, in fact, the two of your Honors were on the Appellate 10-L case a number of years ago. Was there anything in the D.C. Circuit? That may have been a more recent development. Right. They haven't been briefed or argued yet. Okay. So can I, still unsure now about the status of your ability to get the issues that you're currently aligned on with ILWU. Can you get the issues separate or apart from the D.C. Circuit issue? Can you get the issues you want to raise adjudicated, addressed, through the 10-F appeal right? We believe that the effective answer to that is no, Your Honor. And that's because? And that is because there is no 10-K, as we speak. There is no 8B-4D jurisdictional dispute case. If one arises, we could then seek to intervene there. The administrative law judge would surely say that his bosses, the Board, have decided that for purposes of this case, we have no right to intervene. But that could still then go up through the Board. That's an assumption that assumes there's no difference between a 10-K and 8B-4D, when we know that they're completely different and that the 10-K is not raised judicata in general. So why should it be raised judicata on this? It certainly is not raised judicata. But the Board laws, the effect of jurisdictional facts cannot be relitigated in a Section 8B-4D complaint. And in any event, as I said, the judge would be hamstrung as a practical matter because he can't overrule the Board. But then, once a Board decision issues. Just a minute. You haven't asked, right? You haven't asked. Not the fourth time. As Judge Mosman said, it was not a real. It was not a real. There was no ALJ in the 10-K because there are no ALJs in 10-Ks, right? Of course. All right. So you haven't asked this guy. Does he exist yet? There's no pending proceeding, right? There's not. There will be. So you could go when there is a pending proceeding and you could ask. And if you don't get in, then you can come back and see us, right? As Judge Mosman said, Your Honor, that is not a real alternative. We're supposed to under lead them, have a direct method of review within our control. We don't know what's going to happen with the 10-K at this point. Is the board some four years into this now going to reschedule an AP4D complaint? Well, if they don't, then you certainly don't have a problem. Pardon? If they don't, then you have no problem. Oh, yes, yes, we do, Your Honor. And this is one of the reasons why it's so important to understand how PMA is impacted by this. Once the board issued a 10-K decision, PMA could not take any action to seek to enforce its collective bargaining agreement. The law is clear under Carey v. Westinghouse. The Supreme Court has said once the board comes in, they have supremacy here. They take over and any contract rights have to stop. And our contract rights have indeed stopped. I'm sorry? If you did take steps, what would happen? Judge Simon, who has that case before him, has stated indefinitely. We have not been able to get our contract enforced for nearly a four-year period of time because of the issuance of this 10-K that is viewed as just a peripheral, non-race judicata type of matter. There are real-world consequences to the issuance of the 10-K. Let me address for a moment the Noel Canning, which I think takes us inevitably down a rabbit hole that doesn't seem to make practical sense. The board never had jurisdiction in this case to say, oh, but we're okay because the board members themselves were unauthorized. So let's just tear everything up and let's go back to square one after a four-year period of time and give the board an opportunity to correct the error of its ways and to get the right kinds of board members to make determinations in the case. That is not practical. It's not a meaningful exercise. We need the right to continue with the administration of our collective bargaining agreement with the adversary on the other side, the ILWU, that while we may have some coincidence of interests here, we are at odds with them on contract interpretation issues all the time and bargaining issues all the time. Our interest is not peripheral to this matter. It is real and dramatic, and as we try to keep peace on the docks up and down the coast, it is a true struggle. Multi-employer bargaining is a very difficult animal. It's very important to the economy to have it, as the Supreme Court has noted in the Brown v. NFL case. It is an important principle, and we are seeking to enforce that collective bargaining agreement, and let the ILWU know that when we make a bargain, a bargain is a bargain. The case that you said that's before Judge Bussman, the contract case, who is the case? Who is the case? Are you suing the ILWU or are you suing the employer, or both? We are suing ITSE, the contractor in this case, the member who did not proceed along the lines that it was obligated to do, to get enforcement of the arbitration award. And indeed, then, we have been countersued on our raft of claims as well by them, including antitrust, which Judge Bussman has pitched in large part. But nonetheless, he has kept alive a portion of the case, saying that PMA violated its duty of fair representation to ITSE in the way it handled this matter. This non-jurisdictional dispute has spurned a ton of litigation, and it is very complex, a novel concept, I would agree, Your Honor. Absolutely, absolutely. So we think that the only thing that makes practical sense in this matter is to affirm Judge Bussman's decision, and he said, by the way, when he took the bench that day, that he was inclined to dismiss the case. But after hearing the interests and what the NLRB had done, and the fact that we did not have a meaningful opportunity to go forward on it, it was just a hypothetical opportunity. I think this is the problem. It isn't hypothetical, because the unfair labor practice has not occurred. And you say you'll lose if you intervene, but how do we know that unless you do it? I mean, so it's very unhypothetical. It's completely unhypothetical. So how can the Board be rewarded for missing something three times, and then having the matter appear on appeal four years from now, gone, we have to go back to square one in order to get a complaint and an administrative law judge proceeding where, again, we believe that any good administrative law judge would say, I have no discretion in this matter, even though I think it's wrong. But then appeal that to the Board, then the Board issues a decision, then that case goes up, and in that case, if we have, in fact, intervened successfully, then we can say we're a party. If we haven't had a right to intervene, we say we're a person. My response is that if you hadn't brought this proceeding, the 10K wouldn't have been vacated, and the 8B14 proceedings wouldn't have been stayed, and you would be four years further down the road. Absolutely, but that would have required us to sacrifice a situation where we believe we fit squarely within the confines of lead and be kind. In fact, we think the union in lead and be kind was better situated to get review than we are in this case. Okay, your time is up. Thank you for your time, Mr. Cohn. Thank you. Yes, sir. Give me one minute, everybody. I don't know what you're down to, maybe a minute and a half. Your Honor, 10F review is still available to PMA. The board, and the reason is because the board is holding in advance a final decision on certain portions of the ALJ's rulings that are dependent on the validity of the 10K decision. Also, the board has also suspended briefing. The 10K, the 8B4D hearings have already been held. The 8B4D hearings have already been held, but the board is withholding issuance of a decision on the 8B4D. So he couldn't go and intervene now before the ALJ? Well, he would not be, he would not, he would be, a motion to intervene would be filed with the board, and because briefing has been suspended, PMA could conceivably move to intervene and participate in the briefing and get its arguments regarding the validity of the 10K decision before the board. Mr. Cohn also said that the jurisdictional issue is not up for review, is that correct? In other words, although in general the 10K proceedings are not raised to the CADA in the 8B4D, he seemed to be suggesting that the question of the board's jurisdiction would be. He didn't think the board would now revisit the question of its jurisdiction. Well, I'm talking about the current, the board decision that is pending right now, the board has withheld a decision. The ALJ relied on a 10K decision to basically say that they are bound by that. So now the matter is before the board. So if PMA wants to get its arguments regarding the validity of the 10K decision before the board, it has an opportunity, and the board has indicated or has advised PMA that it would not oppose any motion to intervene. The board, you don't mean the board, you mean the general counsel? The general counsel, correct. Thank you very much. Thank you.
judges: Fisher, Berzon, Watford